**Fu–Qian LIN, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 00–71152.
INS No. A76–280–393.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2002.

Decided Sept. 9, 2002.

Rehearing Denied Nov. 4, 2002.

Before WALLACE, TASHIMA and TALLMAN, Circuit Judges.

MEMORANDUM \*\*

In this petition, we are called upon to determine whether substantial evidence supports the adverse credibility finding of the Board of Immigration Appeals (Board). The Board had jurisdiction under 8 C.F.R. §§ 3.1(b)(3) and 240.53(a), and we have jurisdiction over this timely-filed petition pursuant to 8 U.S.C. § 1252(b)(1999). We grant the petition and remand to the Board.

Petitioner argues that the Board's adverse credibility determination was not supported by the record. We review the Board's factual findings underlying its denial of asylum to determine whether they are supported by substantial evidence. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir.2000). We will uphold the factual findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (Supp. II 1996). We review the Board's adverse credibility finding for substantial evidence as well. *See Chen v. INS*, 266 F.3d 1094, 1098 (9th Cir.2001). Procedurally, the Board "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Id.* (citations and internal quotation marks omitted).

The Board in this case concluded that Petitioner was not credible based on (1) Petitioner's testimony that his wife removed her own intrauterine device, a circumstance the Board deemed "not particularly plausible"; (2) Petitioner's testimony that he and his wife had violated the family planning policy by having a second child

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

was inconsistent with his testimony and documentary evidence regarding the "ill child" exception to the family planning policy; and (3) the documentation Petitioner submitted regarding the payment of a fine for violation of the family planning policy contradicted Petitioner's testimony that his father paid the fine, both because there had been no "excessive child birth" when the fine was levied and because the receipt for the fine payment listed Petitioner, not Petitioner's father, as the payor.

The Board's credibility finding appears to follow our *Chen* procedural requirement. Indeed, the Board demonstrated an understanding of what we look for on review by citing one of our cases. Nevertheless, there are parts of the Board's opinion that raise questions about the Board's analysis.

We could hold that the factual findings underlying credibility of the Petitioner are such a "reasonable adjudicator would be *compelled* to conclude [the credibility issue] to the contrary." 8 U.S.C. § 1252(b)(4)(B) (1999). However, in an abundance of caution, we will allow the Board to reconsider the petition, remand for any additional fact finding desired, and provide a new decision.

Petition for review GRANTED. REMANDED to the Board of Immigration Appeals for a new credibility determination.